(Sitting in Hamilton County.)

### DESMOND & RYAN v. CHARLES G. ROTH ET AL.

1. WHEN CONVEYANCE OF PROPERTY TO ONE CREDITOR DOES NOT CREATE A TRUST FOR ALL.

   A creditor who receives a conveyance of property from his debtor, in satisfaction of the indebtedness and in consideration of the creditor's agreeing to assume payment of certain other creditors, becomes a purchaser, not a trustee for the benefit of general creditors under sec. 6343, Rev. Stat.

2. BUT TRANSACTION AMOUNTING TO ASSIGNMENT IS FOR ALL, UNDER SEC. 6033 REV. STAT.

   But a transaction amounting to an assignment by an insolvent debtor of property to a creditor for himself and in trust for another creditor, becomes an assignment in trust for all creditors of insolvent, under 6033, Rev. Stat.

ERROR to the Court of Common Pleas of Hamilton county.

CALDWELL, J.

Edward N. Roth, Charles G. Roth and Joseph Roth were brothers, Theckla Roth, their mother. The father of these children died some years ago, leaving his estate to his wife first, with a provision over to his children. That provision was such that the children at all times, after the death of the father, had an estate in the property that they could dispose of.

Charles G. Roth became the proprietor of an hotel in this city, the St. Clair House. He rented it from the Penn Mutual Life Insurance Company, and he furnished it. Then he had, aside from what he had in the hotel, property in lands that he got from his father's estate, and and he evidently ran behind in his hotel business, so that on the 18th day of February, he was undoubtedly insolvent, unable on that day to pay his debts. It is not made clear to us by the evidence whether he first transferred his interest in the property that he got from his father's estate to his brother Edward N. on that day, or whether he transferred the property in the St. Clair Hotel to C. D. Robertson. Which transaction took place first we are not made aware. However, on the same day he did transfer all his interest in the property he had received from his father to his brother Edward N., and on the same day he transferred all his property in the St. Clair hotel to C. D. Robertson, agent or trustee. These are really two separate cases in their facts and in the law.

I take first the case of his transfer to his brother Edward N. of the property he received from his father's estate. It seemed that Edward N. had endorsed paper for him to some considerable extent. His mother Theckla Roth had loaned him money, and held his obligations, and had endorsed for him to a considerable extent, and then he owed his brother Joseph also. Now, these parties met on that day, and Edward N. agreed to assume and pay all this indebtedness if he would transfer to him his interest in that property that was inherited from the father, and the only question involved in the case is this: it is claimed that the mother never surrendered nor gave up the paper that she held against her son Charles G., but that she was his real debtor all the while, and that Edward N. had simply taken this property and agreed that when he made the money out of it, or out of the property coming from the father, that he would

then pay her the amount due, and it was claimed that the same arrangement largely took place in regard to Joseph; that although Joseph surrendered his paper, that he agreed to receive his pay when his brother Edward N. made it out of the father's estate; but the theory, on behalf of the creditors, is to make it appear now that Edward N. stands in this light: that he took this property in payment of all that his brother Charles owed him personally; that he took it and held it for the payment of his mother, and that his mother was all the while a creditor, continued to be the creditor of Charles, and that Edward's obligation to his brother Joseph was nothing more than to pay him out of the estate when the property was settled, which virtually amounts to paying him out of the property that was assigned to him, so that would leave as to this property, if that is true, Edward N. standing as having received this property for the payment of his own debt, for the payment of the debt of his mother, and for the payment of the debt of his brother, and Charles being insolvent at the time it would make him a trustee, and it would come under 6343 of the statutes, and would make him a general trustee for all creditors.

Now that is a good theory in this case, but it is purely a theory. A fair weight of this testimony can have possibly no such construction. The fair construction of this testimony is this: that Edward N. on that day said to his brother Charles "You transfer to me this property, and I will here assume and agree to pay your debts," which was the purchase of that property, and the purchase price was that he would pay his own debt, that he would assume and pay the debts that Charles owed to his mother and to his brother Joseph. This being true, the testimony places it entirely in the light of a purchase of property for a good and valid consideration, and the mother and the brother Joseph could at any time compel Edward N. to pay this debt, any time that these debts were due and unpaid. That being true, he does not stand at all in the light of a trustee, but in the light of a purchaser, and hence the general creditors can have no resort to this property. They have no interest in it, and their claim in regard to this property is denied by the court.

*Pogue & Pogue (Province M. Pogue of Counsel)*, and *D. F. Cash*, for plaintiff.

*Maxwell & Ramsey, (Lawrence Maxwell, of Counsel)*, for E. N. Roth.